Daniel, Judge.
 

 The Superior Court dismissed the appeal, on the ground that it was a matter of discretion
 
 with
 
 the County Court, whether they would tax the tickets of the 'three witnesses against the plaintiff or against the defendant. We think this was not a ground for dismissing the appeal. The County Court was by law obliged to order the tickets of the three witnesses to be paid by some body, either by the defendant, who had been cast in the action, or, if illegally summoned, by the plaintiff who summoned them. They deemed it right to order the plaintiff to pay the said three witness tickets. The plaintiff was thereupon dissatisfied with the order, and appealed from it to the Superior Court; which, we think, he had a right to do. Whether the Superi- or Court ought to have affirmed tfie'judgment of the County Court is another question, and not for consideration at this
 
 *125
 
 time. The act of Assembly declares “ that when any son, either plaintiff or defendant, shall be dissatisfied with the' sentence, judgment, or decree of any County Court, he may appeal from such sentence, judgment, or decree, to the Superior Court of Law.” 1 Rev. Stat. ch. 4, sec. 1. The appellant was a party plaintiff in the suit where the judgment was rendered against him as to this cost — he was interested — and the case says that he was dissatisfied. The law gave him a right to appeal, and the Judge erred in dismissing it. The judgment must be reversed. This opinion will be sent down, and the Superior Court will proceed to try the case on the appeal from the County Court.
 

 Per Curiam. Judgment reversed.